John J. Bulger, Esq.
HEARN LAW PLC
151 N. 3rd Ave, Suite 400
Pocatello, ID 83201
Telephone:  208-904-0004
Fax:  208-904-1816
Email:  firm@hearnlawyers.com

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF IDAHO
## EASTERN DIVISION

| | |
|---|---|
| CINDY STONE, as a parent and legal heir of Antonio Ray Stone; ZACHARY WILLEY, as a child of and legal heir of Antonio Ray Stone; MERRICK J. STONE, as a child of and legal heir of Antonio Ray Stone; WHINTER STONE, as a child of and legal heir of Antonio Ray Stone; and EMBERLEY RAY-LYN STONE, as a child of and legal heir of Antonio Ray Stone; | Case No. _____ |
| | |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| | **VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983** |
| BANNOCK COUNTY; BANNOCK COUNTY SHERIFF'S DEPARTMENT; BANNOCK COUNTY SHERIFF TONY MANU, in his official and personal capacity; CAPTAIN LYLE THURGOOD, in his official and personal capacity; CORPORAL AUSTIN FERGUSON, in his official and personal capacity; DEPUTY CORPORAL ALBERT LUCE, in his official and personal capacity; DEPUTY GARY GUNNELL, in his official and personal capacity; and JOHN DOES 1-10, in his official and personal capacities,. | |
| | |
| Defendants. | |

COMPLAINT – Page 1

COMES NOW Plaintiffs, by and through their counsel of record, John J. Bulger of the firm HEARN LAW PLC, and for cause of action against Bannock County, Idaho; the Bannock County Sheriff's Office; Tony Manu, as Sheriff of Bannock County; Lyle Thurgood, as a Captain in the Bannock Conty Sheriff's Office; Austin Ferguson, as a Corporal in the Bannock County Sheriff's Office; Albert Luce, as Deputy Corporal in the Bannock Conty Sheriff's Office; Gary Gunnell, as a Deputy in the Bannock Conty Sheriff's Office; and Does 1-10; asserts as follows:

## NATURE OF THE CASE

This action arises under the First and Fourteenth Amendments to the United States Constitution, under federal law in 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

1.  Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to redress a deprivation of civil rights under color of state law.  Jurisdiction is invoked in this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Antonio Ray Stone died while in the custody, care and direct supervision of the defendants named in this Complaint.

3.  At the time of his death, Antonio Ray Stone was a resident of Pocatello, Bannock County, Idaho, and was a citizen of the United States of America.

4.  Plaintiff Zachary Willey is the natural child of Antonio Stone and is entitled to his father's property under Idaho's intestate succession statutes.

5.  Plaintiff Merrick J. Stone is the natural child of Antonio Stone and is entitled to his father's property under Idaho's intestate succession statutes.

6.  Plaintiff Whinter Stone is the natural child of Antonio Stone and is entitled to her father's property under Idaho's intestate succession statutes.

7.  Plaintiff Emberley Ray-Lyn Stone is the natural child of Antonio Stone and is entitled to her father's property under Idaho's intestate succession statutes.

8.  Defendant Bannock County is located in the State of Idaho.  It is a body politic and corporate that has the power to sue and be sued under Idaho Code §§ 31-601 and -604.

9.  Defendant Bannock County Sheriff's Department is a government agency controlled and directed by Bannock County and its agents and employees.

10. Defendant Tony Manu is and has been at all relevant times the Sheriff of Bannock County, Idaho, and upon information and belief resides in Bannock County.  Manu is sued in his official and individual capacities.  At the time of the incident herein, Manu was acting within the course and scope of his employment and under color of state law.

11. Defendant Lyle Thurgood is and has been at all relevant times the detention captain of the Bannock County Detention Center, in charge of the jail operations, and upon information and belief resides in Bannock County.  Thurgood is sued in his official and individual capacities.  At the time of the incident herein, Thurgood was acting within the course and scope of his employment and under color of state law.

12.  Defendant Austin Ferguson was at the relevant time a corporal in the detention division, and upon information and belief resides in Bannock County. Ferguson is sued in his official and individual capacities.  At the time of the incident herein, Ferguson was acting within the course and scope of his employment and under color of state law.

13. Defendant Albert Luce is and has been at all relevant times a deputy corporal in the detention division, and upon information and belief resides in Bannock County. Luce is sued in his official and individual capacities.  At the time of the incident herein, Luce was acting within the course and scope of his employment and under color of state law.

COMPLAINT – Page 3

14. Defendant Gary Gunnell is and has been at all relevant times a deputy in the detention division, and upon information and belief resides in Bannock County.  Gunnell is sued in his official and individual capacities.  At the time of the incident herein, Gunnell was acting within the course and scope of his employment and under color of state law.

15. Defendants John Does 1 through 10 were other personnel employed by Bannock County who committed actions alleged herein whose identities are unknown to Plaintiffs.  Manu is sued in his official and individual capacities.  At the time of the incident herein, Does 1-10 were  acting within the course and scope of their employment and under color of state law.

16. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and, 1343. Plaintiffs' First Claim for Relief arises under the United States Constitution and 42 U.S.C. § 1983; and Plaintiffs' Second and Third Claims for Relief form part of the same case or controversy as the First Cause of Action.

17. Venue is proper in this Court under 28 U.S.C. § 1391 and Local Rule 3.1.

## GENERAL ALLEGATIONS

18. Antonio Ray Stone was taken into custody at the Bannock County Detention Center on or about May 18, 2023.

19. When Defendants took Antonio into custody, they were or should have been aware of his attempted suicide in the facility in 2019.

20. Despite this knowledge of Antonio's previous attempt to hang himself in the shower, Antonio was not flagged for suicide watch upon intake.

21.  Plaintiff Cindy Stone called the jail facility after her son's detainment to request that he be put on suicide watch for fear he would again attempt to take his life.

COMPLAINT – Page 4

22. The defendants failed to clearly designate Antonio as being on suicide watch based upon his previous suicide attempt at the facility which resulted in his hospitalization.

23. Antonio was placed in D pod, a general population setting that has lesser monitoring capabilities than C pod, or in a holding cell, or to make other arrangements that would have protected him from self-harm.

24. Defendants placed Antonio in general population where he was able to use strips of bedding to fashion a ligature, and where he was able to avoid monitoring and hang himself.

25. On May 23, 2023, Antonio Stone hung himself in the shower of D pod.

26. Antonio was discovered by an inmate who sounded the alert, he was cut down from the shower, and aid was rendered.

27. Antonio was transported to the Portneuf Medical Center, where he died on May 26, 2023, having never regained consciousness.

28. The Defendants owed a duty of care under the 14th Amendment to the United States Constitution to not be deliberately indifferent to the known risk of Antonio acting out his suicidal ideation, and to take reasonable measures to prevent Antonio from harming himself.

29. Defendants' failure to adequately monitor Antonio at the facility constituted deliberate indifference to his

30. Cindy Stone's ongoing parent-child relationship with Antonio Ray Stone was protected by the 14th Amendment, as well as the right to intimate association protected by the 1st Amendment.

31. Zachary Willey's ongoing parent-child relationship with his father, Antonio Ray Stone, was protected by the 1st and 14th Amendments.

32. Merrick J. Stone's ongoing parent-child relationship with his father, Antonio Ray Stone, was protected by the 1st and 14th Amendments.

33. Whinter Stone's ongoing parent-child relationship with her father, Antonio Ray Stone, was protected by the 1st and 14th Amendments.

34. Emberley Ray-Lyn Stone's ongoing parent-child relationship with her father, Antonio Ray Stone, was protected by the 1st and 14th Amendments.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Constitutional Torts Under the 14th Amendment and
42 U.S.C. § 1983 – Against All Defendants**

35. Plaintiffs incorporate all previous paragraphs as if set forth here in full.

36. Antonio Ray Stone's death was attributable to Defendants' deliberate indifference to his suicidal vulnerability, given that he had attempted to commit suicide in the detention center during a previous incarceration.  Defendants knew of and disregarded a substantial risk of serious harm or death to Antonio.

37. Antonio Ray Stone died as a direct and proximate result of the Defendants' violation of his Constitutional rights.

38. Antonio Ray Stone's parent and heirs are entitled to all damages, attorney fees  and any other relief available in § 1983 actions, including punitive damages, in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF

**Constitutional Torts under the 1st and 14th Amendment
and 42 U.S.C. § 1983 - Against all Defendants**

39. Plaintiffs incorporate all previous paragraphs as if set forth here in full.

40. Cindy Stone's parent-child relationship with Antonio Ray Stone was protected by the 1st and 14th Amendments.

41. The parent-child relationships of Zachary Willey, Merrick J. Stone, Whinter Stone and Emberley Ray-Lyn Stone with Antonio Ray Stone was protected by the 1st and 14th Amendments.

42. The Defendants were deliberately indifferent to Plaintiff Cindy Stone's constitutionally protected parent-child relationship by their failure to safeguard Antonio Stone, resulting in his death.

43. The Defendants were deliberately indifferent to the constitutionally protected parent-child relationship of Plaintiffs Zachary Willey, Merrick J. Stone, Whinter Stone and Emberley Ray-Lyn Stone, and their failure to safeguard Antonio Stone resulted in his death.

44. Defendants' failure to protect Antonio Stone was a direct and proximate cause of the violation of the Plaintiffs' aforementioned rights.

45. The Plaintiffs are entitled to all damages, attorney fees and any other relief available in § 1983 actions, including punitive damages, in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF
## INJUNCTIVE RELIEF UNDER §1983

46. Plaintiffs incorporate all previous paragraphs as if set forth here in full.

47. Injunctive relief is an appropriate remedy where the continued risk of serious injury or death exists and the irreparable harm cannot be adequately addressed by monetary damages alone.

48. Plaintiffs pray for a permanent injunction mandating Defendants immediately develop and institute policies whereby all present and future detainees be adequately screened for mental health issues at intake.

49. Plaintiffs pray for an injunction mandating Defendants immediately develop and institute policies whereby all information obtained during previous incarceration of individuals in their

COMPLAINT – Page 7

facility be reviewed by appropriate designees and conveyed to staff to ensure the health and safety of those inmates.

50.  Any harm to Defendants by granting the proposed injunction is outweighed by the harm to detainees in Defendants' facility.

51. It is in the public interest that an injunction be granted, to ensure the goal of rehabilitation be furthered for all detainees;  and to ensure the safety of citizens committed to the Defendants' care.

52. The Plaintiffs are entitled to all damages, attorney fees  and any other relief available in § 1983 actions, including punitive damages, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for judgment and relief as follows:

1.  For judgment that Defendants violated the rights guaranteed Antonio Ray Stone under the U.S. Constitution Amendment 14 through 42 U.S.C. § 1983, culminating in his death.

2.  For judgment that Defendants have violated the U.S. Constitution Amendments 1 and 14 through 42 U.S.C. § 1983  by their failure to protect Plaintiffs' rights by their actions or inactions.

3.  For a judgment of injunctive relief to ensure Defendants provide adequate safeguards to the health and safety of its detainees.

4.  For an award of Plaintiffs' costs and disbursements.

5.  For an award of reasonable attorney fees in accordance with 42 U.S.C. § 1988 and/or any other applicable statute supporting the award of fees.

6.  For such further and other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand jury trial on all claims triable to the jury.

COMPLAINT – Page 8

DATED May 23, 2025

HEARN LAW PLC

JOHN J. BULGER