UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CINDY STONE, as a parent and legal heir of Antonio Ray Stone; ZACHARY WILLEY, as a child of and legal heir of Antonio Ray Stone; MERRICK J. STONE, as a child of and legal heir of Antonio Ray Stone; W. S., as a child of and legal heir of Antonio Ray Stone; and E.R.L.S, as a child of and legal heir of Antonio Ray Stone,<br><br>       Plaintiffs,<br><br>   v.<br><br>BANNOCK COUNTY SHERIFF'S DEPARTMENT; BANNOCK COUNTY SHERIFF TONY MANU, in his official and personal capacity; CAPTAIN LYLE THURGOOD, in his official and personal capacity; CORPORAL AUSTIN FERGUSON, in his official and personal capacity; DEPUTY CORPORAL ALBERT LUCE, in his official and personal capacity; DEPUTY GARY GUNNELL, in his official and personal capacity; and JOHN DOES 1-10, in his official and personal capacities,<br><br>       Defendants. | Case No. 4:25-cv-00269-BLW-DKG<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

      This matter is before the Court on Defendants Bannock County Sheriff's Office, Tony Manu, Lyle Thurgood, Austin Ferguson, and Gary Gunnell's Objection to the Report and Recommendation issued by United States Magistrate Judge Debora K.

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE - 1**

Grasham. *See* Dkts. 23, 24. Judge Grasham recommends dismissing Count I of Plaintiffs' Complaint without prejudice, with leave to amend, and denying Defendants' motion to dismiss as to Counts II and III.[1] *See* Dkt. 23 at 15. Defendants object to that recommendation, arguing that Judge Grasham erred by failing to consider matters Defendants presented outside of the pleadings and failing to "correctly use its discretion when it declined to treat Defendants' motion as one for summary judgment." *See* Dkt. 24 at 2.

Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of those portions of the Report and Recommendation to which Defendants have objected. The objections are overruled. The Court accepts the findings and recommendations of Judge Grasham and adopts the Report and Recommendation in its entirety. The decision whether to convert a motion to dismiss to a motion for summary judgment lies squarely within the Court's discretion. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1150 (E.D. Cal. 2009) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004)) (noting district courts have "complete discretion" whether to accept any material beyond the pleadings offered in connection with a Rule 12(b)(6) motion). Moreover, conversion of a Rule 12(b)(6) motion to a Rule 56 motion

---

[1] On February 18, 2026, Plaintiffs filed their second amended complaint (Dkt. 18) in accordance with Judge Grasham's recommendation allowing leave to amend. It is well-established that a magistrate judge can 'dismiss a complaint with leave to amend without approval by the [district judge].'" *Dawkins v. Arizona Dep't of Econ. Sec.*, No. CV-24-00237-TUC-RM (MSA), 2024 WL 3726386, at *1 (D. Ariz. Aug. 8, 2024) (quoting *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Because Judge Grasham had independent authority to authorize the amendment by order, Plaintiffs were entitled to rely on her recommendation and file their amended complaint without waiting for this Court's adoption of the Report and Recommendation. The filing of the second amended complaint was therefore procedurally proper.

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE - 2**

"should be exercised with great caution." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1366 (3d ed. 2018). Here, Judge Grasham properly exercised her discretion in declining to treat Defendants' motion to dismiss as one for summary judgment where the parties are ill-equipped at this stage of the proceedings to present all evidence required for a proper Rule 56 review. Accordingly,

**IT IS ORDERED that**:

1. Defendants' Objections to United States Magistrate Judge Debora K. Grasham's Report and Recommendation (Dkt. 24) are **OVERRULED**;

2. Defendants' Motion to Dismiss (Dkt. 6) is **GRANTED in part and DENIED in part**, as follows:

    a. Defendants' Motion to Dismiss Plaintiffs' First Claim for Relief is **GRANTED** without prejudice and with leave to amend;

    b. Defendants' Motion to Dismiss Plaintiffs' Second Claim for Relief is **DENIED**;

    c. Defendants' Motion to Dismiss Plaintiffs' Third Claim for Relief is **DENIED**.

DATED: March 2, 2026

_____
B. Lynn Winmill
U.S. District Court Judge

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE - 3**